UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARK ADAMCZYK,

   Plaintiff,

 v.            16-CV-239
               DECISION AND ORDER
ANTHONY ANNUCCI, et al.,

   Defendants.

---

  On March 23, 2016, the pro se plaintiff, Mark Adamczyk, commenced this action under 42 U.S.C. § 1983. Docket Item 1. On February 12, 2018, this Court referred this case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 15.

  On July 16, 2018, the only remaining defendant, Anthony Annucci, moved to dismiss Adamczyk's second amended complaint.[1] Docket Item 32. Adamczyk informed the Court that he would "not be responding to defendants [sic] motion." Docket Item 34. Although he "oppose[d]" the motion, he "fe[lt] that everything that needed to be said was put in the complaint." *Id.* On October 4, 2018, Judge McCarthy

---

[1] Annucci is the only remaining defendant whom Adamczyk has served. The original complaint also named Leslie Arp and Catherine Leahy Scott as defendants. Adamczyk's second amended complaint, however, did not name Arp and Scott, Docket Item 29, and the claims against those defendants were therefore dismissed. The second amended complaint added "John Doe Ex. Management Team," "Jane Doe Ex. Management Team," and the New York State Department of Correctional and Community Services ("DOCCS") as defendants. But Adamczyk never served any of these defendants. As Judge McCarthy explained, "it remains [Adamczyk's] responsibility to have DOCCS served with the Second Amended Complaint" and "to identify and serve the John/Jane Doe defendants." Docket Item 36 at 3 n.4.

issued a Report and Recommendation ("R&R") finding that the defendant's motion should be granted.  Docket Item 36.

On December 26, 2018, Adamczyk objected to the R&R.  Docket Item 39.  On February 19, 2019, the defendant responded to the objection, Docket Item 41, and on March 20, 2019, Adamczyk replied, Docket Item 44.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  "[A]n unsuccessful party," however, "is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate."  *Al-Mohammedi v. City of Buffalo*, 2017 WL 163388, at *1 (W.D.N.Y. Jan. 17, 2017) (quoting *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988)); *see also Walker v. Stinson*, 205 F.3d 1327, 2000 WL 232295 (Table), at *2 (2d Cir. Jan, 24, 2000) (finding no abuse of discretion in district court's refusal to consider an argument not raised before the magistrate judge).

Here, Adamczyk filed an objection raising arguments that he did not present to Judge McCarthy.  Although this Court is not obliged to review such arguments, because Adamczyk proceeds pro se, this Court has nevertheless carefully reviewed the R&R, the record in this case, the objection and response, and the materials submitted by the parties.  Based on that de novo review, the Court accepts and adopts Judge McCarthy's recommendation to grant the defendant's motion.

As an initial matter, Judge McCarthy correctly found that any claims arising from Adamczyk's 2005 termination are time-barred. Docket Item 36 at 5. Adamczyk's claim that the defendant violated his right to due process in 2014 by failing to investigate the 2005 termination—although not time-barred—fails for a different reason: as Judge McCarthy explained in the R&R, there is no constitutional right to an investigation by government officials. *Id.* at 6; *see also Head v. Ebert*, 2017 WL 3017395, at *2 (W.D.N.Y. July 11, 2017) ("[I]t is well-settled that 'there is no constitutional right to an investigation by government officials at all.'" (quoting *Burroughs v. Petrone*, 2016 WL 5376371, *28 n.13 (N.D.N.Y.), *report and recommendation adopted* 2016 WL 5374126 (N.D.N.Y. 2016))); *Lewis v. Gallivan*, 315 F. Supp. 2d 313, 317 (W.D.N.Y. 2004) ("There is . . . no constitutional right to an investigation by government officials, and no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved." (citations and internal quotation marks omitted)).

Adamczyk contends, however, that the defendant's "responsibility [to investigate] is stated in NYS Executive Law 4.A." Docket Item 39 at 1. Even if this were true, a violation of state law does not, in and of itself, state a § 1983 claim. *Doe v. Connecticut Dep't of Child & Youth Servs.*, 911 F.2d 868, 869 (2d Cir. 1990). Rather, the question under § 1983 is whether a defendant "violate[d] an established *federally* protected right." *Id.* (emphasis in original) (quoting *Robison v. Via,* 821 F.2d 913, 921 (2d Cir. 1987)). Thus, even if the defendant's alleged failure to investigate violated state law, that allegation does not state a claim under § 1983.

3

Judge McCarthy also correctly found that Adamczyk's equal-protection claim may not proceed because Adamczyk failed to identify a suitable comparator, which he must do as a "class-of-one" plaintiff. Docket Item 36 at 5; *see also Progressive Credit Union v. City of New York*, 889 F.3d 40, 49 (2d Cir. 2018) ("[T]o succeed on a class-of-one claim, a plaintiff must establish that (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake." (quoting *Ruston v. Town Bd. for Skaneateles*, 610 F.3d 55, 59-60 (2d Cir. 2010))). Adamczyk argues in his objection that he referred to a "comparator complaint" in his allegations, which was "the only [comparator] complaint that could be found." Docket Item 39 at 3. As the defendant observes, however, that complaint was made by "[a] current employee . . . against a current superior," as opposed to the plaintiff "who had been terminated for cause and the[n] made a complaint years later that he was 'framed.'" Docket Item 41 at 9. Consequently, Adamczyk has not demonstrated the "extremely high degree of similarity between" himself and his alleged comparator required for a class-of-one-equal-protection claim. *Progressive Credit Union*, 889 F.3d at 49 (quoting *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006)).[2]

---

[2] Because Adamczyk has not alleged a viable due-process or equal-protection claim, his failure-to-train claim also fails. *See Cash v. Cty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that 'action pursuant to official municipal policy' *caused the alleged constitutional injury*." (emphasis added) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011))). Because there is no constitutional injury here, there is no claim for failure to train resulting in a constitutional injury.

Finally, the Court agrees with Judge McCarthy that Adamczyk has not pleaded a viable conspiracy claim, and that even if he had it would be barred by the intracorporate-conspiracy doctrine.  *See* Docket Item 36 at 7.  Adamczyk has not alleged any agreement to inflict a constitutional injury.  He seems to suggest a conspiracy to avoid an investigation, but as noted above, there is no constitutional right to an investigation by public officials.  Moreover, Adamczyk's objection confirms that there were "three NYS DOCCS upper management officials involved in the conspiracy of avoiding the official misconduct by NYS DOCCS officials and continuing to blame plaintiff for misconduct."  Docket Item 39 at 16.  Such "an agreement between or among agents of the same legal entity, when the agents act in their official capacities, is not an unlawful conspiracy."  *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1867 (2017).

For the reasons stated above and in the R&R, the defendant's motion to dismiss, Docket Item 32, is GRANTED, and leave to amend is denied as futile.  The Clerk of Court shall close this case.

SO ORDERED.


Dated:	November 19, 2019
	Buffalo, New York


    *s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE